HUI MING ZHANG, Petitioner,

v.

Mark FILIP, Acting Attorney General of the United States,\* Respondent.

No. 06–3719–ag.

United States Court of Appeals, Second Circuit.

Jan. 30, 2009.

Attorney General Michael B. Mukasey as the respondent in this case.

Joshua E. Bardavid, New York, NY, for Petitioner.

Michael J. Sullivan, United States Attorney, Gina Walcott–Torres, Assistant United States Attorney, Boston, MA, for Respondent.

PRESENT: Hon. WILFRED FEINBERG, Hon. JON O. NEWMAN, Hon. ROBERT D. SACK, Circuit Judges.

### SUMMARY ORDER

Hui Ming Zhang, a native and citizen of the People's Republic of China, seeks review of a July 12, 2006 order of the BIA affirming the January 3, 2006 order of the Immigration Judge ("IJ") denying her motion to reopen deportation proceedings. *In re Hui Ming Chen,* No. A72 381 543 (B.I.A. Feb. 3, 2006), *aff'g* No. A72 381 543 (Immig. Ct. N.Y. City Jan. 3, 2006). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When, as here, the BIA issues an opinion that fully adopts the IJ's decision, this Court reviews the IJ's decision directly. *See, e.g., Chun Gao v. Gonzales,* 424 F.3d 122, 124 (2d Cir.2005). We review the BIA's denial of a motion to reopen for abuse of discretion. *Ali v. Gonzales,* 448 F.3d 515, 517 (2d Cir.2006).

The Immigration and Nationality Act ("INA") and its implementing regulations provide that an individual must file a motion to reopen within ninety days of the issuance of a final administrative order of removal. *See* 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). This limitation, however, does not apply when the motion to reopen is filed in order to apply for asylum or withholding of removal based on changed circumstances arising in her country of nationality, if the evidence submitted is material and was unavailable and undiscoverable at the time of her hearing before the IJ. *See* 8 U.S.C. § 1229a (c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii). Here, it is undisputed that Zhang's motion to reopen was untimely, as it was filed more than ten years after the IJ's order granting Zhang voluntary departure.

Zhang argues that the ninety-day filing deadline for motions to reopen is not applicable to her motion. She asserts that the INA authorizes the filing of successive asylum applications, despite their untimeliness, "based upon 'the existence of changed circumstances which materially affect the applicant's eligibility for asylum,'" including "activities the applicant becomes involved in outside the country of feared persecution that place the applicant at risk." 8 U.S.C. § 1158(a)(2)(D) and 8 C.F.R. § 208.4(a)(4)(i)(B). She asserts that the birth of her children in the United States constitute such changed circumstances. She contends that she was not

534

required to demonstrate changed circumstances in China as required by the regulations governing motions to reopen. However, we have accorded *Chevron* deference to the BIA's statutory interpretation in *Matter of C–W–L–*, 24 I. & N. Dec. 346, 347 (BIA 2007), in which it rejected precisely this argument. *See Yuen Jin v. Mukasey*, 538 F.3d 143, 156 (2d Cir.2008). In *C–W–L–*, the BIA found that 8 U.S.C. § 1229a(c)(7)(C), which allows the filing of an untimely motion to reopen only upon a showing of changed country conditions, "applies to situations like the one at bar, where an alien seeks to reopen proceedings in which he previously was ordered removed from the United States." 24 I. & N. Dec. at 349. In *Yuen Jin,* we agreed with the BIA's holding in *C–W–L–,* that an individual "under a final removal order must file a successive asylum application in conjunction with a motion to reopen and in accordance with those procedural requirements." *Id.* at 156. To permit otherwise would provide persons under final orders of removal with the incentive to ignore those orders and change their own circumstances to enable them to file new asylum applications. *Id.* at 155. Because Zhang's case is squarely controlled by *Yuen Jin,* her failure to establish an exception to the filing deadline for motions to reopen is fatal to her petition for review. We therefore find it unnecessary to consider her other arguments.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, we DISMISS the petitioner's pending motion for a stay of removal as moot.